**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

MAY 0 5 2009

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**AUBREY HOLMES**                                                    **PLAINTIFF**

**VS.**                    CIVIL ACTION NO. 4:09-CV-319SWW

**LVNV FUNDING L.L.C.; and**                              **DEFENDANTS**
**HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.**

This case assigned to District Judge Wright
**COMPLAINT** and to Magistrate Judge Deere

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer, Aubrey

Holmes (hereinafter "Plaintiff"), for Defendants' violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), and for violation of the

Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq.  Plaintiff seeks

an award of actual and statutory damages and costs and attorney's fees.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331.

3.      This court has supplemental jurisdiction to hear the state law claim pursuant

to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) and

15 U.S.C. §1692k.  Plaintiff resides in this district, and defendant transacts business here.

### PARTIES

5.      Plaintiff, Aubrey Holmes, is a natural person residing in Pulaski County,

Arkansas.

6.     Separate Defendant, Hosto, Buchan, Prater, & Lawrence P.L.L.C. (hereinafter "Hosto") is a law firm and limited liability company with a principal place of business at 701 West 7th St., Little Rock, AR.  72202.

7.     Hosto is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.     Defendant, LVNV Funding, L.L.C. (hereinafter "LVNV"), is a foreign limited liability company.  Upon information and belief, LVNV is not registered with the Arkansas Secretary of State but maintains a principal office at 625 Pilot Road, Suite 3, Las Vegas, NV 89119. Moreover, a manager of LVNV, Kevin Branigan, maintains an office at 200 Meeting St., STE 206 Charleston, SC 29401.  Defendant will be served at these two aforementioned addresses and at the address of their registered agent for service in the Commonwealth of Massachusetts.

9.     LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  At all times material hereto, Plaintiff, was a "consumer" as this term is defined under 15 U.S.C. §1692(a)(3).

10.     At all times material hereto, GE Capital was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

11.     At all times material hereto, the debt incurred by Plaintiff to GE CAPITAL was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## **FACTUAL ALLEGATIONS**

12.     In or around April of 2006, Plaintiff entered into an agreement with the debt collection firm of Wolpoff & Abramson, L.L.P. (hereinafter referred to as "Wolpoff") who

**2**

represented GE Capital in its efforts to collect on account number 7714100729501197 in the amount of $5,367.48.

13.     Plaintiff agreed to pay the amount of $2523.00 in full satisfaction of the debt owed to GE Capital. (See attached Plaintiff's Exhibit "A" incorporated herein by this reference).

14.     In reliance on the above described agreement, Plaintiff remitted a cashier's check in the about of $2523.00 payable to the order of Wolpoff. (See attached Plaintiff's Exhibit "B" incorporated herein by this reference).

15.     Wolpoff provided Plaintiff with a screen print of his account evidencing that the account had been zeroed out and that a balance of $0.00 remained due. (See attached Plaintiff's Exhibit "C" incorporated herein by this reference).

16.     Plaintiff received several collection attempts over the years following payment to Wolpoff. Each time that the Plaintiff provided proof of payment the collections efforts ceased.

17.     According to LVNV, it purchased the account at issue as part of a portfolio of accounts on November 1, 2006. (See the herein Defendants' State Court Complaint and Affidavit of Indebtedness and Ownership of Account" attached hereto as Exhibit "D" and incorporated herein by this reference).

18.     At some point in time, LVNV contracted with Hosto to attempt to collect the debt.

19.     Plaintiff received a demand for payment from Hosto dated July 24, 2007, that described the debt at issue herein. Shortly thereafter, Plaintiff travelled to Hosto's office and informed them of his agreement to satisfy the disputed account in April of 2006. Plaintiff presented proof of the same, and Hosto made copies thereof. Plaintiff was assured that the collection efforts would cease and was apologized to for the error.

20.     Plaintiff received another notice dated August 9, 2007, from Hosto that offered to settle the amount owed and described the debt at issue herein. Shortly

3

thereafter, Plaintiff travelled to Hosto's office a second time and again informed them of his agreement to satisfy the disputed account in April of 2006 and reminded Hosto that he had already provided them with his proof of payment. Plaintiff again presented proof of the same, and again Hosto made copies thereof.

21.     Subsequent thereto, Plaintiff received a Privacy Notice from Hosto dated December 14, 2007, that described the debt at issue herein. Shortly thereafter, Plaintiff travelled to Hosto's office for the third time, and informed them of his agreement to satisfy the disputed account in April of 2006. Plaintiff, for the third time, presented proof of the same, and Hosto, for the third time, made copies thereof.

22.     On or about June 18, 2008, the Defendant filed a complaint in the District Court of Sherwood, Arkansas seeking payment of the above described debt in the amount of $2,844.48 (the amount remaining from the original debt amount after subtracting the amount paid by Plaintiff in full satisfaction of the account) plus "accrued interest in the amount of $363.78." Service of this complaint was made on Sunday, July 6, 2008, by personal service on Aubrey Holmes.

23.     Attached to the complaint and summons served upon Plaintiff was an orange piece of paper bearing Hosto letterhead, with the following message:

PLEASE NOTE:

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

A copy of this notice is annexed hereto as Exhibit "E" and incorporated herein.

24.     The above described law suit was filed and served on the Plaintiff within one year of the date of this complaint.

4

25.     Plaintiff has been damaged by Defendants in that he has spent significant time out of his day, on three separate occasions, to travel to the law offices of Hosto to dispute the debt and provide proof that the account had been satisfied.

26.     Plaintiff has suffered great humiliation by being made party to a collection suit filed in the public record for a debt he had previously satisfied.

27.     Plaintiff has suffered nervousness and extreme anxiety because of the false claim asserted against him by the Defendants.

28.     Plaintiff has incurred attorney's fees and costs in his attempt to protect himself from the unlawful debt collection practices of the Defendants.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,
### § 15 U.S.C. 1692, et seq.
### BY HOSTO

29.     Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

30.     Upon information and belief, Separate Defendant Hosto has violated the F.D.C.P.A.  Defendant's violations include, but are not limited to, the following:

a.      Separate Defendant Hosto violated §15 U.S.C. 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

b.      Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(1) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff thereby giving a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

c.      Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(9) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff which constitutes the use or distribution of any written communication which

5

simulates or is falsely represented to be a document authorized, issued, or approved by any Court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

     d.     Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(15) in that the language contained on the orange piece of paper attached to the summons or complaint gives the false representation or implication that the documents are not legal process forms or do not require action by the consumer.  The language contained on the orange piece of paper, specifically states that arranging to pay the debt may avoid the necessity of appearing in Court or filing an Answer.

     31.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,**
**15 U.S.C. § 1692, et seq.**
**BY HOSTO**

     32.     Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

     33.     Section 1692e of the FDCPA prohibits a debt Collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. 1692(e) and § 1692 (e) (2) (A).

     34.     Upon information and belief, Separate Defendant Hosto was advised on multiple occasions that the Plaintiff's debt had been satisfied by agreement and even made copies of documentation provided by Plaintiff as proof thereof.

     35.     Upon information and belief, Defendant Hosto's attempt to collect the debt at issue herein by filing a complaint against the Plaintiff in the District Court of Sherwood, Arkansas, violates the FDCPA's prohibition against using any false, misleading or deceptive

**6**

statements in the collection of a consumer debt, in violation of 15 U.S.C. § l692e and §
1692e(2).

36.     Upon information and belief, Defendant Hosto's attempt to collect the debt at
issue herein by filing a complaint against the Plaintiff in the District Court of Sherwood,
Arkansas, violates the FDCPA's prohibition against conduct the natural consequences of
which is to harass, oppress, or abuse any person in the collection of a consumer debt, in
violation of 15 U.S.C. § l692d.

37.     As a result of the above violations of the FDCPA, Defendant Hosto is liable to
the plaintiff for statutory damages, actual damages, and costs and attorney's fees pursuant
to 15 U.S.C. § 1692k.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### BY HOSTO

38.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing
paragraphs.

39.     Upon information and belief, Separate Defendant Hosto has violated the
Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq.  Defendant's
violations of the state act, include, but are not limited to, the following:

a.     Engaging in any other unconscionable, false, or deceptive act or practice in
business, commerce, or trade pursuant to Ark Code. Ann. §4-88-107(10)

b.     Defendant is a law firm subject to the Arkansas Rules of Professional Conduct.

c.     Defendant's actions are a violation of Rule 4.3 of the Arkansas Rules of
Professional Conduct dealing with unrepresented persons.  The language contained in the
orange piece of paper gives legal advice to unrepresented persons by soliciting such persons
to contact the defendant's law firm to arrange payment of the debt, thereby possibly
avoiding the need to appear in court or file an answer. Rule 4.3 of the Arkansas Rules of
Professional Conduct prohibits a lawyer from giving legal advice to an unrepresented
person, other than the advice to secure counsel, if the lawyer knows or reasonably should

7

know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

      d.     Plaintiff, in this case, has an interest adverse to the interests of defendant's client.

      e.     Defendant's actions also constitute a violation of the Arkansas Deceptive Trade Practices Act because the actions are unconscionable and prohibited under the Arkansas Rules of Professional Conduct.

      40.     As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**
**BY LVNV**

      41.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

      42.     Section 1692e of the FDCPA prohibits a debt Collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. 1692(e) and § 1692 (e) (2) (A).

      43.     Upon information and belief, Separate Defendant LVNV's attempt to collect a debt from the Plaintiff that is not owed is false, deceptive or misleading and therefore in violation of §1692e of the FDCPA.

      44.     Upon information and belief, Separate Defendant LVNV was aware as of the date upon which it acquired the Plaintiff's debt to GE Capitol that such debt was either satisfied by agreement or otherwise uncollectable.

      45.     Upon information and belief, Separate Defendant LVNV willfully and maliciously attempted to collect said debt from Plaintiff.

**8**

46.     Upon information and belief, Separate Defendant LVNV makes millions of dollars annually by collecting on debts that are uncollectable by virtue of satisfaction by agreement, discharged in bankruptcy, passed the statute of limitations (otherwise known as "stale debt"), etc.

47.     Upon information and belief, Separate Defendant LVNV actively seeks to circumvent the provisions of the Fair Debt Collection Practices Act and other consumer protection statutes by claiming ignorance of the fact that the debt as purchased is not legally enforceable.

48.     Upon information and belief, Separate Defendant LVNV preys upon the ignorance and lack of sophistication of the consumer in an attempt to wrest payment from consumers who are protected from such collection tactics.

49.     *As a result* of the above violations of the FDCPA, and in consideration of the willful and malicious disregard that Separate Defendant LVNV routinely shows for the rights of consumers who have satisfied by agreement their debts, Separate Defendant LVNV is liable to the Plaintiff for declaratory judgment that Separate Defendant LVNV's conduct violated the FDCPA, and Plaintiff's statutory damages, actual damages, and costs and attorneys fees (pursuant to I5 U.S.C § l692k).

## FIFTH CAUSE OF ACTION
## VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
## BY LVNV

50.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

51.     Plaintiff satisfied its debt to GE Capitol by agreement in April of 2006 and showed proof thereof to counsel for Separate Defendant LVNV upon receipt of the July 24, 2007, demand for payment.

52.     Plaintiff, an unsophisticated debtor, attempted on at least three separate occasions to notify and prove to counsel for Separate Defendant LVNV that the debt was satisfied and no longer owed.

9

53.     Despite Plaintiff's best efforts to convince Separate Defendant LVNV of the legal status of the debt, Separate Defendant LVNV proceeded with a legal action to collect on a satisfied account from Plaintiff.

54.     Upon information and belief, Separate Defendant LVNV has violated Ark. Code Ann. § 4-88-107(a)(10) by engaging in any "unconscionable, false, or deceptive act or practice in business, commerce, or trade."

55.     As such, pursuant to Ark. Code Ann. § 4-88-113(f), Plaintiff has a private right of action under the Act and is entitled to actual damages and reasonable attorneys' fees.

56.     Plaintiff demands a jury trial.

57.     Plaintiff reserves the right to amend this pleading if other facts or claims come to light through discovery.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.      Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act.

B.      Actual damages pursuant to both federal and state law claims.

C.      Statutory damages pursuant to 15 U.S.C. §1692(k).

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k) and Ark Code Ann. §4-88-113(f).

E.      Because of the Plaintiff's age, punitive damages pursuant to Ark. Code Ann. §4-88-204.

F.      For such other and further relief as may be just and proper.

Dated this __5th__ day of ~~March,~~ 2009.
                    May

**10**

Respectfully submitted,

Joel G. Hargis BAR # 2004,007
Attorney for Plaintiff
Crawley, DeLoache & Hargis, PLLC
533 West Washington Ave
Jonesboro, AR 72401
(PH) (870) 972-1172
(FX) (870) 972-1787
joel@crawleydeloache.com

# PLAINTIFF'S
# EXHIBIT
# "A"

**MAIN OFFICE**
**TWO IRVINGTON CENTRE**
702 KING FARM BLVD., ROCKVILLE, MD 20850

**REGIONAL OFFICES**
10005 JUDICIAL DR., BLDG., A-5, FAIRFAX, VA 22030
1109 E. MAIN ST., STE. 1003, RICHMOND, VA 23219
5122 GREENWICH RD., VIRGINIA BEACH, VA 23462
919 N. MARKET ST., STE. 1300, WILMINGTON, DE 19899
1 VALLEY BANK BLDG., BOX 1226, CLARKSBURG, WV 26302
4660 TRINDLE ROAD, 3RD FLOOR, CAMP HILL, PA 17011
301 GRANT ST., STE. 4800, PITTSBURGH, PA 15219
28632 ROADSIDE DRIVE, STE. 255, AGOURA HILLS, CA 91301
30500 HIGH POINTE BLVD., STE. 250, NOVI, MI 48375
300 CANAL VIEW BLVD., ROCHESTER, NY 14623
5215 NORTH O'CONNOR BLVD., IRVING, TX 75039
180 GLASTONBURY BLVD., GLASTONBURY, CT 06033
210 INTERSTATE NORTH PKWY., ATLANTA, GA 90339
301 CARLSON PKWY., STE. 303, MINNETONKA, MN 55305
429 WHITNEY AVE., 2ND FLOOR, HOLYOKE, MA 01040
ONE CUMBERLAND PLAZA, 3RD FLOOR, WOONSOCKET, RI 02895
4645 S. ULSTER ST., STE. 800, DENVER CO 80237

**LAW OFFICES**
**WOLPOFF & ABRAMSON, L.L.P.**
*Attorneys in the Practice of Debt Collection*
(A National Collection Attorney Network Firm)
TWO IRVINGTON CENTRE
702 KING FARM BLVD.
ROCKVILLE, MD 20850-5775
240-386-3200
OUTSIDE WASHINGTON, D.C. METROPOLITAN AREA
(TOLL FREE)
1-800-578-7729
FACSIMILE (240) 386-3111

PLEASE DIRECT ALL INQUIRIES TO MAIN OFFICE

APRIL 14, 2006

**NATIONAL COLLECTION ATTORNEY NETWORK**
**AFFILIATED FIRM LOCATIONS (NOT REGIONAL OFFICES OF WOLPOFF & ABRAMSON, L.L.P.)**

BIRMINGHAM, ALABAMA
ANCHORAGE, ALASKA
PHOENIX, ARIZONA
CABOT, ARKANSAS
FT. LAUDERDALE, FLORIDA
HONOLULU, HAWAII
BOISE, IDAHO
CHICAGO, ILLINOIS
MERRILLVILLE, INDIANA
KANSAS CITY, KANSAS
LEXINGTON, KENTUCKY
METAIRIE, LOUISIANA
ST. LOUIS, MISSOURI
GREAT FALLS, MONTANA
OMAHA, NEBRASKA
LAS VEGAS, NEVADA
MANCHESTER, NEW HAMPSHIRE
CEDAR KNOLLS, NEW JERSEY
RALEIGH, NORTH CAROLINA
FARGO, NORTH DAKOTA
CLEVELAND, OHIO
OKLAHOMA CITY, OKLAHOMA
EUGENE, OREGON
COLUMBIA, SOUTH CAROLINA
KNOXVILLE, TENNESSEE
SANDY, UTAH
MILWAUKEE, WISCONSIN
RAWLINS, WYOMING

* The National Collection Attorney Network is an affiliation of separate law firms.
W&A Hours of Operation:
8 a.m. - 11 p.m. E.S.T. M-F

157715541
AUBREY HOLMES

2908 WOLF ST
LITTLE ROCK AR  72206

Johnnie L. Almon, Jr., Esq.
ADMITTED: (TX)

W&A File No.  157715541

Re:  CREDITOR: GE MONEY BANK   RETAILER: SAM'S CREDIT CARD
     AUBREY HOLMES

     Terms:  $2,523.00 on 04/24/2006

*Ryan*

     Upon receipt of the above agreed amount, you will be released from further obligation
in this matter.

     *501-374-1300*

                                    Very truly yours,

                                    WOLPOFF & ABRAMSON, L.L.P.

/JDA

*Sherman*
*Finac*
*888-665-0374*        *Johnie L. Almon*

The above attorney personally requested that this letter be sent after he/she reviewed relevant portions of our file for the limited purpose of sending this letter

--------------------------------------------------

Please detach and return bottom portion with payment.

### PAYMENT COUPON

Return Payment to:                                    Amount Enclosed: $ _____

Wolpoff & Abramson, L.L.P.
Two Irvington Centre
702 King Farm Blvd.
Rockville, MD 20850-5775

☐  I have made an electronic payment through the Internet at www.wolpofflaw.com or the W&A Automated Payment
   Attendant at 1-800-395-4900.  (If paying by Western Union Quick Collect, for your convenience please see
   payment instructions on reverse side.)        157715541
                              **W&A File No.:**

     PLEASE USE THE ABOVE FILE NUMBER ON ALL CORRESPONDENCE AND PAYMENTS
                    FOR IDENTIFICATION PURPOSES.
   ***This is an attempt by a debt collector to collect a debt and any information obtained
                    will be used for that purpose.***

SASE5 (03/21/05)
LTRSDP/LTRSDP

*Ex A*

# PLAINTIFF'S EXHIBIT "B"

**Bank of America** 🇺🇸

**Cashier's Check**

No. **0054155**

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be renegotiated within 90 days.

Date **APRIL 14, 2006**

30-1/1140
NTX

Banking
Center    **TOWN & COUNTRY BANKING CENTER**

    0004933  00062    000054155

**AUBREY HOLMES**
Remitter (Purchased By)

$    **\*\*2523.00\*\***

04-14-3774B  08-2005

Pay   \*\*TWO THOUSAND FIVE HUNDRED TWENTY THREE DOLLARS AND 00 CENTS\*\*

To
The
Order   \*\*WOLPOFF ABRAMSON\*\*
Of    \*\*\*\*

Acct. 159715541

Bank of America, N.A.
San Antonio, Texas

VOID AFTER 90 DAYS   Paid in full

**Non-Negotiable**

Authorized Signature

**Customer Copy
Retain For Your Records**

001641006394

Ex B

# PLAINTIFF'S EXHIBIT "C"

WOLPOFF & ABRAMSON, L.L.P.                    DATE:05/16/06
ATTORNEYS IN THE PRACTICE OF DEBT COLLECTION
STATEMENT  OF  ACCOUNT                        PAGE#   1

GE MONEY BANK                    / HOLMES,AUBREY          SSN: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   DOB: 11/11/33
CREDITOR: 040440                        W&A NO:  157715541              1

ASGN DATE:03/15/06              COURT NO:                  ACCT NO:7714100729501197


        AUBREY HOLMES
        2908 WOLF ST
        LITTLEROCK    AR 72206


| REFERENCE | DATE | PAYMENT | INTEREST & MISC DB/CR | APPLIED TO PRINCIPAL | INT SHORT BALANCE | PRINCIPAL BALANCE | ACCOUNT BALANCE |
|---|---|---|---|---|---|---|---|
| ORG BAL | 03/15/06 | .00 | .00 | | | 5,367.48 | 5,367.48 |
| INT CHG | 03/15/06 | 03/15/06 | ANNUAL RATE= 0.00% | | | | |
| CASHIERS | 04/18/06 | 2,523.00 | .00 | 2,523.00 | | 2,844.48 | 2,844.48 |
| STLMNT | 04/18/06 | .00 | 2,844.48- | | | .00 | .00 |

CURRENT BALANCE AS OF 05/16/06                                                  .00


Called on. 11-28-06 for prove of recieving reciepts.


WOLPOFF & ABRAMSON        FILE NUMBER  157715541


# PLEASE USE OUR WOLPOFF AND ABRAMSON FILE NUMBER ABOVE ON ALL CORRESPONDENCE AND PAYMENTS.  THANK YOU.

This is an attempt by a debt collector to collect a debt and any information obtained

W+C

# PLAINTIFF'S EXHIBIT "D"

SH038602/BJ

# IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
## SHERWOOD
## CIVIL DIVISION

**LVNV FUNDING L.L.C.      , Plaintiff**

**vs**      **CASE/DIV NO.:**

**AUBREY HOLMES , Defendant**                **2 0 0 8   0 1 8 3 0**

**Plaintiff's Address:**      C/O HOSTO & BUCHAN, P.L.L.C.   P.O. BOX 3397, LITTLE ROCK, ARKANSAS 72203

**Defendant's Address:**      **2908 WOLFE ST, LITTLE ROCK AR 72206-1925**

---

**Place of Employment:   UNKNOWN**
## RETURN OF SERVICE BY SHERIFF/PRIVATE PROCESS SERVER

**PERSONAL SERVICE ON**
**(NAME)**_____
**LOCATION:** _____

**SERVICE ON PERSON OTHER THAN THE NAMED DEFENDANT by serving**
**(NAME)**_____ at _____
location, such person being at least 14 years of age residing at the same location as the Defendant and related to the Defendant
thus:_____

**SERVICE ON AGENT FOR A CORPORATION by serving**
**(NAME)**_____ at location, such person being authorized to
received service of process for Defendant whose title
is:_____

## DECLARATION OF SERVER

I, _____ , hereby certify that I served the within complaint on the

Defendant, _____ , *IN THE MANNER STATED ABOVE* on

_____, 200____      Sheriff/Process Server Signature

_____

Subscribed and sworn to before me this _____day of _____, 200____.

**My Commission Expires:**      _____
                                    **Notary Public**

**HOSTO, BUCHAN, PRATER, & LAWRENCE, P.L.L.C.**
ATTORNEYS AT LAW
Main Office:
P.O. Box 3397
Little Rock, Arkansas 72203-3397

Texas Office
8117 Preston Rd., Ste 300 West
Dallas, Texas 75225

Tennessee Office
4525 Barding Rd., Ste 218
Nashville, TN 37205

Bryan E. Hosto +*
Charles J. Buchan +□
Mark A. Sexton+*
Paul A. Prater +
Joel D. Boyd +
Arnold N. Goodman +
Esther A. Grossman □
Melvin Thathiah □

Jennifer P. Sanders +□
Richard L. Lawrence +★
Suzanne L. Tipton +
Juli A. Thomas □
R. Dallas Elms, Jr.+
Charles Soffar □

+Licensed in Arkansas
*Licensed in Tennessee
□Licensed in Texas
★Licensed in Missouri

## PLEASE NOTE:

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.



FILED
SHO30602/

# IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
## SHERWOOD
### CIVIL DIVISION

2009 JUN 18  AM 11 39

**LVNV FUNDING L.L.C.** , Plaintiff

vs       **CASE/DIV NO.:**       SHERWOOD DISTRICT COURT
                                 SHERWOOD, ARKANSAS

**AUBREY HOLMES** , Defendant(s)       **2 0 0 8    0 1 8 3 0**

## COMPLAINT

**Plaintiff's Address:**     C/O HOSTO & BUCHAN, P.L.L.C.  P.O. BOX 3397, LITTLE ROCK,
                             ARKANSAS 72203
**Defendant's Address:**     2908 WOLFE ST, LITTLE ROCK AR 72206-1925

**Court Address:**     SHERWOOD DISTRICT COURT -SHERWOOD DISTRICT
                       2201 EAST KIEHL AVE. SHERWOOD, AR 72120  835-3625

**Nature of Claim:**     Debt on a credit card account.

**Nature and Amount of Relief Claimed:**     As shown by the attached affidavit the balance due
from the Defendant after applying all payments, credits, or other offsets is $2,844.48, plus
interest accrued in the amount of $363.78 as of the date this complaint was prepared for a total
amount due of $3,208.26.  In addition, Plaintiff seeks costs, pre-judgment interest until the date
of judgment at the contract rate of interest, attorneys fees, and post judgment interest at the
maximum rate allowed by law.

**Date Claim Arose:**     April 18, 2006

**Factual Basis of Claim:** Defendant  received a credit card from GE CAPITAL, with account
number 7714100729501197.  The defendant  made various charges on this card, leaving an
outstanding balance.  Plaintiff is the assignee of this account.  That said account is now past due
and remains unpaid despite the demands of Plaintiff.

**Plaintiff's Attorney**          HOSTO & BUCHAN, P.L.L.C.,
                                  ATTORNEYS AT LAW
                                  P.O. BOX 3397
                                  LITTLE ROCK, ARKANSAS  (501)374-1300

                                  By: _____
                                  Joel D. Boyd, ABN 90819

## SUMMONS AND NOTICE TO DEFENDANT
    You are hereby warned to file a written answer with  the clerk of the court within (20) TWENTY
days after the date that you receive this complaint within (20) TWENTY DAYS from the day you were
served with this complaint; (OR within THIRTY (30) thirty days if you are a non-resident of this state
or a person incarcerated in any jail, penitentiary, or other correctional facility in this state) and to
send a copy to the Plaintiff or to his or her attorney.  If you do not file an answer within 20 TWENTY
DAYS (or within 30 days for a nonresident of this state), or if you fail to file an answer, a default
judgment may be entered against you.       ORIGINAL SIGNED BY

            By:  _____     BETH COLLIER, DEPUTY

REV061107.ncopmain.frm: P2 B2008-06-04/BJ/SH038602

SH038602/BJ

**Signature of Clerk or Judge**

REV061107.ncopmain.frm: P2 B2008-06-04/BJ/SH038602

IN THE COURT IN THE JUDICIAL CIRCUIT IN AND FOR COUNTY, AR

LVNV Funding LLC, a corporation,

               **Plaintiff**

vs.

Aubrey Holmes

               **Defendant(s)**

FILED

CASE NUMBER

2009 JUN 18   AM 11 39

SHERWOOD DISTRICT COURT
SHERWOOD, ARKANSAS

## PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT

I, Niesha Hallums, as Authorized Representative for LVNV Funding LLC (hereafter the "Plaintiff") hereby certify as follows:

1. I have personal knowledge regarding Plaintiff's creation and maintenance of its normal business books and records, including computer records of its credit accounts. This information was regularly and contemporaneously maintained during the course of the Plaintiff's business. I am authorized to execute this affidavit on behalf of Plaintiff and the information below is true and correct to the best of my knowledge, information and belief based on the business records of the account. If called as a witness, I can competently testify to the facts stated herein.

2. To the best of my information and belief, based on the records of the account, the Defendant applied for and opened credit account number 7714100729501197 (hereafter "Account") with GE Capital on or about 4/9/1998 (the "Date of Origination"). Thereafter, Account was owned by and exclusively held by GE Capital. GE Capital then sold and assigned Portfolio 7125 to Plaintiff which included the Defendant's Account on 11/1/2006 (the "Date of Assignment"). On the Date of Assignment, all ownership rights, without impairment and without exception, were assigned to, transferred to and became vested in Plaintiff, including the right to collect the balance owing of $2,844.48 plus any accrued interest.

3. The above stated amount is due by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to this account have been allowed. Demand for payment was made more than thirty days ago and the statute of limitations has not yet run.

                            (Signature)
                            May 16, 2008

(Notary Public)
On this Friday, May 16, 2008

SH038602

Susan G. Argentieri
Notary Public
State of South Carolina
My Comm. Exp. 8-15-20__

# PLAINTIFF'S EXHIBIT "E"

*(On Orange paper)*

**HOSTO, BUCHAN, PRATER, & LAWRENCE, P.L.L.C.**
ATTORNEYS AT LAW
Main Office:
P.O. Box 3397
Little Rock, Arkansas 72203-3397

Texas Office
8117 Preston Rd., Ste 300 West
Dallas, Texas 75225

Tennessee Office
4525 Harding Rd., Ste 218
Nashville, TN 37205

Bryan E. Hosto + *
Charles J. Buchan + □
Mark A. Sexton + *
Paul A. Prater +
Joel D. Boyd +
Arnold M. Goodman +
Esther A. Grossman □
Melvin Thathiah □

Jennifer P. Sanders + □
Richard L. Lawrence + ★
Suzanne L. Tipton +
Julli A. Thomas □
R. Dallas Elms, Jr. +
Charles Soffar □

+ Licensed in Arkansas
* Licensed in Tennessee
□ Licensed in Texas
★ Licensed in Missouri

## PLEASE NOTE:

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.



↑ Small single sheet only ↑
On Orange Paper

Ex E