IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

_____

**AUBREY HOLMES**                                                                                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.4:09-cv-00319-SWW**

**LVNV FUNDING L.L.C.; and**                                                          **DEFENDANTS**
**HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.**

_____

## AMENDED COMPLAINT

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer, Aubrey Holmes (hereinafter referred to as "Plaintiff" or "Mr. Holmes"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), for violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq, and for the tort of defamation.  Plaintiff seeks an award of actual. Statutory and punitive damages and costs and attorney's fees.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      This court has supplemental jurisdiction to hear the state law claim pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) and 15 U.S.C. §1692k.  Plaintiff resides in this district, and defendant transacts business here.

### PARTIES

5.      Plaintiff, Aubrey Holmes, is a natural person residing in Pulaski County, Arkansas.

**1**

6. Separate Defendant, Hosto, Buchan, Prater, & Lawrence P.L.L.C. (hereinafter "Hosto") is a law firm and limited liability company with a principal place of business at 701 West 7th St., Little Rock, AR.  72202.

7. Hosto is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant, LVNV Funding, L.L.C. (hereinafter "LVNV"), is a foreign limited liability company.  Upon information and belief, LVNV is not registered with the Arkansas Secretary of State but maintains a principal office at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.  Moreover, a manager of LVNV, Kevin Branigan, maintains an office at 200 Meeting St., STE 206 Charleston, SC 29401.  Defendant will be served at these two aforementioned addresses and at the address of their registered agent for service in the Commonwealth of Massachusetts.

9. LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  At all times material hereto, Plaintiff, was a "consumer" as this term is defined under 15 U.S.C. §1692(a)(3).

10. At all times material hereto, GE Capital was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

11. At all times material hereto, the debt incurred by Plaintiff to GE CAPITAL was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

**FACTUAL ALLEGATIONS**

12. In or around April of 2006, Plaintiff entered into an agreement with the debt collection firm of Wolpoff & Abramson, L.L.P. (hereinafter referred to as "Wolpoff") who

represented GE Capital in its efforts to collect on account number 7714100729501197 in the amount of $5,367.48.

13. Plaintiff agreed to pay the amount of $2523.00 in full satisfaction of the debt owed to GE Capital.  (See attached Plaintiff's Exhibit "A" incorporated herein by this reference).

14. In reliance on the above described agreement, Plaintiff remitted a cashier's check in the about of $2523.00 payable to the order of Wolpoff.  (See attached Plaintiff's Exhibit "B" incorporated herein by this reference).

15. Wolpoff provided Plaintiff with a screen print of his account evidencing that the account had been zeroed out and that a balance of $0.00 remained due.  (See attached Plaintiff's Exhibit "C" incorporated herein by this reference).

16. Plaintiff received several collection attempts over the years following payment to Wolpoff.  Each time that the Plaintiff provided proof of payment the collections efforts ceased.

17. According to LVNV, it purchased the account at issue as part of a portfolio of accounts on November 1, 2006. (See the herein Defendants' State Court Complaint and Affidavit of Indebtedness and Ownership of Account" attached hereto as Exhibit "D" and incorporated herein by this reference).

18. Upon in formation and belief, at some point after obtaining the account at issue herein, LVNV engaged United Collection Bureau, Inc. (hereinafter referred to as "UCB"), to contact Mr. Holmes and attempt to collect an amount it claimed was owing on that account.

19. On or about December 14, 2006, UCB sent a letter to Plaintiff demanding payment on an alleged debt in the amount of $2862.72 for an account bearing account number 7714100729501197. (See the collection letter dated December 14, 2006 attached hereto as Exhibit "E" and incorporated herein by this reference).

20. Upon receiving the December 14, 2006, letter, Plaintiff contacted UCB and obtained their fax number so that he could send UCB proof that the account had been satisfied and that no amount was due on the account.

21. Mr. Holmes faxed proof of satisfaction to UCB at fax number (419) 794-9001.

22. Upon in formation and belief, at some point after Mr. Holmes provided proof of satisfaction to UCB of the alleged debt at issue herein, LVNV transferred the account representing the alleged debt to Resurgent Capital Services (hereinafter referred to as "RCS").

23. RCS then engaged Mercantile Adjustment Bureau, LLC (hereinafter referred to as "Mercantile"), to contact Mr. Holmes and attempt to collect on said account.

24. On or about June 12, 2007, Mercantile sent a letter to Plaintiff demanding payment on an alleged debt in the amount of $2947.82 for an account bearing account number 7714100729501197. (See the collection letter dated June 12, 2007 attached hereto as Exhibit "F" and incorporated herein by this reference).

25. Upon receiving the June 12, 2007, letter, Plaintiff contacted Mercantile, spoke to an individual identified as "Ms. Hornsby," obtained the name of a supervisor identified as "Rick Kelley," and obtained Mercantile's fax number so that he could send Mercantile proof that the account had been satisfied and that no amount was due on the account.

26. Mr. Holmes faxed proof of satisfaction to Mercantile at fax number (716) 929-8251.

27. Upon information and belief, RSC and LVNV are related companies and are two (2) companies in a family of companies referred to as "The Sherman Companies." (See the GLB Privacy Notice dated December 14, 2007 attached hereto as Exhibit "G" and incorporated herein by this reference).

28 At some point after Mr. Holmes contacted both UCB and Mercantile and provided proof of satisfaction of the debt at issue herein, LVNV then contracted with Hosto to attempt to collect the debt.

29. Plaintiff received a demand for payment from Hosto dated July 24, 2007, that described the debt at issue herein.  Shortly thereafter, Plaintiff travelled to Hosto's office and informed them of his agreement to satisfy the disputed account in April of 2006.  Plaintiff presented proof of the same, and Hosto made copies thereof.  Plaintiff was assured that the collection efforts would cease and was apologized to for the error.

30. Plaintiff received another notice dated August 9, 2007, from Hosto that offered to settle the amount owed and described the debt at issue herein.  Shortly thereafter, Plaintiff travelled to Hosto's office a second time and again informed them of his agreement to satisfy the disputed account in April of 2006 and reminded Hosto that he had already provided them with his proof of payment.  Plaintiff again presented proof of the same, and again Hosto made copies thereof.

31. Subsequent thereto, Plaintiff received a Privacy Notice from Hosto dated December 14, 2007, that described the debt at issue herein.  Shortly thereafter, Plaintiff travelled to Hosto's office for the third time, and informed them of his agreement to satisfy the disputed account in April of 2006.  Plaintiff, for the third time, presented proof of the same, and Hosto, for the third time, made copies thereof.  (Recall Exhibit "G" attached hereto and incorporated herein by this reference).

32. On or about June 18, 2008, the Defendant filed a complaint in the District Court of Sherwood, Arkansas, seeking payment of the above described debt in the amount of $2,844.48 (the amount remaining from the original debt amount after subtracting the amount paid by Plaintiff in full satisfaction of the account) plus "accrued interest in the amount of $363.78."  Service of this complaint was made on Sunday, July 6, 2008, by personal service on Aubrey Holmes.

33. Attached to the complaint and summons served upon Plaintiff was an orange piece of paper bearing Hosto letterhead, with the following message:

PLEASE NOTE:

> You have been sued. If you would like to arrange to pay the
> debt, please call our law firm at 800-892-1460. This may avoid
> the necessity of you appearing in Court or filing an Answer.
> When calling, please reference our file number, which is found
> on the top of Court papers.
>
> Thank you for your cooperation.
>
> This is an attempt to collect a consumer debt and any
> information obtained will be used for that purpose. This
> communication is from a debt collector.

(See the copy of the Orange piece of paper attached hereto as Exhibit "H" and incorporated herein by this reference).

34. The above described law suit was filed and served on the Plaintiff within one year of the date of this complaint.

35. Plaintiff has been damaged by Defendants in that he has spent significant time out of his day, on three separate occasions, to travel to the law offices of Hosto to dispute the debt and provide proof that the account had been satisfied.

36. Plaintiff has suffered great humiliation by being made party to a collection suit filed in the public record for a debt he had previously satisfied.

37. Plaintiff has suffered nervousness and extreme anxiety because of the false claim asserted against him by the Defendants.

38. Plaintiff has incurred attorney's fees and costs in his attempt to protect himself from the unlawful debt collection practices of the Defendants.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,**
**15 U.S.C. § 1692, et seq.**
**BY HOSTO**

39. Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

40. Upon information and belief, Separate Defendant Hosto has violated the 15 USC § 1692 *et seq*. Defendant's violations include, but are not limited to, the following:

      a.      Separate Defendant Hosto violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

      b.      Separate Defendant Hosto specifically violated Title 15 U.S.C. § 1692(e)(1) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff thereby giving a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

      c.      Separate Defendant Hosto specifically violated Title 15 U.S.C. § 1692(e)(9) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff which constitutes the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any Court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

      d.      Separate Defendant Hosto specifically violated 15 U.S.C. § 1692(e)(15) in that the language contained on the orange piece of paper attached to the summons or complaint gives the false representation or implication that the documents are not legal process forms or do not require action by the consumer.  The language contained on the orange piece of paper, specifically states that arranging to pay the debt may avoid the necessity of appearing in Court or filing an Answer.

41. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,
### 15 U.S.C. § 1692, et seq.
### BY HOSTO

42.      Plaintiff repeats and re-alleges and incorporates by reference the paragraphs

7

above.

43. Upon information and belief, Separate Defendant Hosto was advised on multiple occasions that the Plaintiff's debt had been satisfied by agreement and even made copies of documentation provided by Plaintiff as proof thereof.

44. Upon information and belief, Separate Defendant Hosto has violated the 15 USC § 1692 *et seq*. Defendant's violations include, but are not limited to, the following:

   a. Separate Defendant Hosto specifically violated 15 U.S.C. § 1692(d) by filing suit against the Plaintiff to collect an alleged debt after receiving proof, on at least three occasions, that the debt has been satisfied. Such action engaged in by Hosto constitutes conduct the "natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

   b. Separate Defendant Hosto specifically violated 15 U.S.C. § 1692(e)(2) by filing suit against the Plaintiff to collect an alleged debt after receiving proof, on at least three occasions, that the debt has been satisfied thereby falsely representing the character, amount, or legal status of any debt.

   c. Separate Defendant Hosto specifically violated 15 U.S.C. § 1692(e)(10) by filing suit against the Plaintiff to collect an alleged debt after receiving proof, on at least three occasions, that the debt has been satisfied is a false representation to the District Court of Pulaski County, Arkansas, Sherwood Division, and to the general public and such is an attempt to collect this debt that is not owed.

45. As a result of the above violations of the FDCPA, Defendant Hosto is liable to the plaintiff for statutory damages, actual damages, and costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### BY HOSTO

46. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

47.     Upon information and belief, Separate Defendant Hosto has violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq.  Defendant's violations of the state act, include, but are not limited to, the following:

a.     Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade pursuant to Ark Code. Ann. §4-88-107(10)

b.     Defendant is a law firm subject to the Arkansas Rules of Professional Conduct.

c.     Defendant's actions are a violation of Rule 4.3 of the Arkansas Rules of Professional Conduct dealing with unrepresented persons.  The language contained in the orange piece of paper gives legal advice to unrepresented persons by soliciting such persons to contact the defendant's law firm to arrange payment of the debt, thereby possibly avoiding the need to appear in court or file an answer.  Rule 4.3 of the Arkansas Rules of Professional Conduct prohibits a lawyer from giving legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

d.     Plaintiff, in this case, has an interest adverse to the interests of defendant's client.

e.     Defendant's actions also constitute a violation of the Arkansas Deceptive Trade Practices Act because the actions are unconscionable and prohibited under the Arkansas Rules of Professional Conduct.

48.     Additionally, Upon information and belief, Separate Defendant Hosto has violated the ACA § 4-88-107 (a)(10) by filing suit against the Plaintiff to collect an alleged debt after receiving proof, on at least three occasions, that the debt has been satisfied.  Such action engaged in by Hosto constitutes an "unconscionable, false, or deceptive act . . . in business, commerce, or trade."

49.     As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.
### BY LVNV

50.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

51.     Section 1692e of the FDCPA prohibits a debt Collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. 1692(e) and § 1692 (e) (2) (A).

52.     Upon information and belief, Separate Defendant LVNV's attempt to collect a debt from the Plaintiff that is not owed is false, deceptive or misleading and therefore in violation of §1692e of the FDCPA.

53.     Upon information and belief, Separate Defendant LVNV was aware as of the date upon which it acquired the Plaintiff's debt to GE Capitol that such debt was either satisfied by agreement or otherwise uncollectable.

54.     Upon information and belief, Separate Defendant LVNV willfully and maliciously attempted to collect said debt from Plaintiff.

55.     Upon information and belief, Separate Defendant LVNV makes millions of dollars annually by collecting on debts that are uncollectable by virtue of satisfaction by agreement, discharged in bankruptcy, passed the statute of limitations (otherwise known as "stale debt"), etc.

56.     Upon information and belief, Separate Defendant LVNV actively seeks to circumvent the provisions of the Fair Debt Collection Practices Act and other consumer

protection statutes by claiming ignorance of the fact that the debt as purchased is not legally enforceable.

57. Upon information and belief, Separate Defendant LVNV preys upon the ignorance and lack of sophistication of the consumer in an attempt to wrest payment from consumers who are protected from such collection tactics.

58. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard that Separate Defendant LVNV routinely shows for the rights of consumers who have satisfied by agreement their debts, Separate Defendant LVNV is liable to the Plaintiff for declaratory judgment that Separate Defendant LVNV's conduct violated the FDCPA, and Plaintiff's statutory damages, actual damages, and costs and attorneys fees (pursuant to 15 U.S.C § 1692k).

59. The actions of the Separate Defendant LVNV complained of herein are enhanced by the fact that LVNV was provided proof of the Plaintiff's satisfaction of the debt at issue herein on at least two occasions before engaging Hosto in their collection efforts.

### FIFTH CAUSE OF ACTION
### VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### BY LVNV

60. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

61. Plaintiff satisfied his debt to GE Capitol by agreement in April of 2006.

62. Plaintiff, an unsophisticated debtor, presented proof of satisfaction of the alleged debt to LVNV on no less than four occasions since LVNV acquired the account representing the alleged debt.

63. Prior to personally providing Hosto, as counsel for Separate Defendant LVNV, proof of satisfaction, in their offices, after Hosto began sending letters to Plaintiff; Plaintiff faxed proof of satisfaction to UCB after it contacted Plaintiff in relation to the disputed debt on behalf of LVNV. Moreover, at some point LVNV received the account back from RCS after it was provided proof of satisfaction. Continuing to harass Plaintiff with collection efforts

after receiving proof of satisfaction of the debt and by transferring the debt to another collection entity, whether a related company or not, after receiving proof of satisfaction are unconscionable, false and deceptive acts from which the Arkansas Deceptive Trade Practices Act was enacted to protect citizens of this state.

64. Despite Plaintiff's diligence and best efforts to convince Separate Defendant LVNV of the legal status of the debt, Separate Defendant LVNV proceeded with a legal action to collect, on a satisfied account, from Plaintiff.

65. Upon information and belief, Separate Defendant LVNV has violated Ark. Code Ann. § 4-88-107(a)(10) by engaging in any "unconscionable, false, or deceptive act or practice in business, commerce, or trade."

66. As such, pursuant to Ark. Code Ann. § 4-88-113(f), Plaintiff has a private right of action under the Act and is entitled to actual damages and reasonable attorneys' fees.

67. Plaintiff is an elderly 74-year-old man and is therefore entitled to enhanced damages pursuant to ACA § 4-88-204.

68. Plaintiff has been forced to retain legal representation in an attempt to prevent the entrance of a judgment against him requiring him to pay a debt that he does not owe.

69. Pursuant to Ark. Code Ann. § 4-88-204, Plaintiff, being elderly, has a private right of action under the Act and is entitled to compensatory damages, punitive damages, and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
### DEFAMATION
### BY HOSTO

70. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

71. Separate Defendant Hosto caused a lawsuit to be filed in the District Court of Pulaski County Arkansas, Sherwood Division, a public forum, and served the same on Plaintiff

thus falsely conveying to the general public that he *owed* a debt for which the filing of a law was necessary to force payment.

72.     Defendant Hosto knew or should have known that the debt at issue herein had been satisfied and was not legally collectable.

73.     Defendant Hosto's actions of conveying to the general public that Plaintiff had incurred debt, for which a law suit was necessary to collect upon, and thereby published false and defaming information about Plaintiff to the general public that has caused him actual and significant damages.

74.     Plaintiff has suffered stress, severe embarrassment and humiliation by being served a summons and complaint while in the company of family and friends on a Sunday afternoon; engaging an attorney to stop collections efforts by a Defendant who knew or should have known the debt was not collectable; by having to expend considerable time, energy and expense in protecting himself and his reputation from the defamatory acts of Hosto.

75.     Defendant Hosto is liable to Plaintiff for defamation - for compensatory damages for the stress, embarrassment and humiliation, and severe emotional distress Plaintiff has suffered; for the cost of this law suit and his time, energy and expense in protecting himself and his reputation.  Moreover, Hosto is liable for Plaintiff's attorney's fees in bringing this action and punitive damages for their willful, defamatory actions in connection with Hosto's attempt to collect an alleged debt that it knew or should have known was satisified.

### SEVENTH CAUSE OF ACTION
### DEFAMATION
### BY LVNV

76.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

77.     Separate Defendant LVNV, by and through its attorney, caused a lawsuit to be filed in the District Court of Pulaski County Arkansas, Sherwood Division, a public forum,

and served the same on Plaintiff thus falsely conveying to the general public that he *owed* a debt for which the filing of a law was necessary to force payment.

78.     Defendant LVNV knew or should have known that the debt at issue herein had been satisfied and was not legally collectable.  In fact, as demonstrated above, LVNV was specifically shown proof of satisfaction of the alleged debt on at least four separate occasions.

79.     Defendant LVNV's actions of conveying to the general public that Plaintiff had incurred debt, for which a law suit was necessary to collect upon, and thereby published false and defaming information about Plaintiff to the general public that has caused him actual and significant damages.

80.     Plaintiff has suffered stress, severe embarrassment and humiliation by being served a summons and complaint while in the company of family and friends on a Sunday afternoon; engaging an attorney to stop collections efforts by a Defendant who knew or should have known the debt was not collectable; by having to expend considerable time, energy and expense in protecting himself and his reputation from the defamatory acts of LVNV.

81.     Defendant LVNV is liable to Plaintiff for defamation - for compensatory damages for the stress, embarrassment and humiliation, and severe emotional distress Plaintiff has suffered; for the cost of this law suit and his time, energy and expense in protecting himself and his reputation.  Moreover, LVNV is liable for Plaintiff's attorney's fees in bringing this action and punitive damages for its willful, defamatory actions in connection with LVNV's attempt to collect an alleged debt that it knew or should have known was satisified.

82.     Plaintiff demands a jury trial.

83.     Plaintiff reserves the right to amend this pleading if other facts or claims come to light through discovery.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, jointly and severally, for the following:

A.   Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act.

B.   Actual damages pursuant to both federal and state law claims.

C.   Statutory damages pursuant to 15 U.S.C. §1692(k).

D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k) and Ark Code Ann. §4-88-113(f).

E.   Because of the Plaintiff's age, punitive damages pursuant to Ark. Code Ann. §4-88-204.

F.   Actual and punitive damages and attorney's fees for their defamatory publications.

G.   For such other and further relief as may be just and proper.

Dated this 7th day of August, 2009.

Respectfully submitted,

/s/Joel G. Hargis_____
Joel G. Hargis BAR # 2004-007
Attorney for Plaintiff
Crawley, DeLoache & Hargis, PLLC
533 West Washington Ave
Jonesboro, AR 72401
(PH) (870) 972-1172
(FX) (870) 972-1787
joel@crawleydeloache.com

**CERTIFICATE OF SERVICE**

I, Joel G. Hargis, hereby certify that I have served a true and correct copy of the foregoing document by CM/ECF, electronic transmittal or regular U.S. Mail on this the 7th day of August, 2009.

Kimberly Wood Tucker
Chester H. Lauck, III
Wright, Lindsey & Jennings
Attorneys for Defendants
200 West Capitol Avenue
Suite 2300
Little Rock , AR 72201-3699

/s/ Joel G. Hargis_____

Joel G. Hargis, ABN 2004-007