IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| AUBREY HOLMES, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:09cv00319 SWW |
| | * |
| LVNV FUNDING L.L.C.; and | * |
| HOSTO, BUCHAN, PRATER & | * |
| LAWRENCE, P.L.L.C., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

Plaintiff Aubrey Holmes seeks civil damages from defendants LVNV Funding L.L.C. ("LVNV") and Hosto, Buchan, Prater & Lawrence, P.L.L.C. ("Hosto") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. §§ 4-88-101 *et seq.,* and for the tort of defamation. The matter is before the Court on motion of separate defendant Hosto to dismiss the amended complaint [doc.#9]. Plaintiff has responded in opposition to Hosto's motion and Hosto has filed a reply to plaintiff's response. Having considered the matter, the Court grants Hosto's motion to dismiss.

I.

Hosto is a law firm located in Little Rock, Arkansas, and is a "debt collector" as defined by the FDCPA. LVNV is a foreign limited liability company with its principal place of business in Las Vegas, Nevada, and, claims plaintiff, also is a "debt collector" as defined by the FDCPA.

Plaintiff states in his amended complaint that in April 2006 he satisfied in full a debt in the amount of $5,367.48 he owed to GE Capitol by agreeing to remit to Wolpoff & Abramson, LLP ("Wolpoff"), a debt collection agency, a cashier's check in the amount of $2,523.00. Plaintiff states that Wolpoff provided him a screen print of his account evidencing that the account had been "zeroed out" and that a balance of $0.00 remained due, but that he nevertheless received several collection attempts over the years following payment to Wolpoff. Plaintiff states LVNV purchased the account at issue as part of a portfolio of accounts and subsequently engaged United Collection Bureau, Inc. ("UCB") to attempt to collect an amount it claimed was owing on that account. Plaintiff states he provided proof of satisfaction to UCB of the alleged debt at issue after which LVNV transferred the account representing the alleged debt to Resurgent Capitol Services ("RCS"). Plaintiff states that RCS then engaged Mercantile Adjustment Bureau, LLC ("Mercantile") to attempt to collect on the account. Plaintiff states that he provided Mercantile proof of satisfaction after which LVNV then contracted with Hosto to collect the debt.

Plaintiff states he received a demand for payment from Hosto dated July 24, 2007, that described the debt at issue and that he then traveled to Hosto's office and informed them of his agreement to satisfy the disputed account in April of 2006. Plaintiff states he presented proof of the same, and that Hosto made copies of his proof of payment. Plaintiff states he was assured that the collection efforts would cease and that Hosto apologized for the error.

Plaintiff states he received another notice dated August 9, 2007, from Hosto that offered to settle the amount owed and described the debt at issue and that he again traveled to Hosto's office and informed them of his agreement to satisfy the disputed account in April of 2006.

Plaintiff states he reminded Hosto that he had already provided them with his proof of payment and again presented proof of the same, and that Hosto made copies of his proof of payment.

Plaintiff states he subsequently received a Privacy Notice from Hosto dated December 14, 2007, that described the debt at issue and that he again traveled to Hosto's office and informed them of his agreement to satisfy the disputed account in April of 2006.  Plaintiff states that for the third time, he presented proof of the same, and Hosto, for the third time, made copies of his proof of payment.

On June 18, 2008, Hosto filed a complaint in the District Court of Sherwood, Arkansas, seeking payment of the above described debt in the amount of $2,844.48 (the amount remaining from the original debt amount after subtracting the amount paid by plaintiff in full satisfaction of the account) plus accrued interest in the amount of $363.78.  Plaintiff states that service of this complaint was made on Sunday, July 6, 2008, by personal service on himself.

Attached to the complaint and summons served upon plaintiff was an orange piece of paper (the "Orange Notice") bearing Hosto letterhead, with the following message:

PLEASE NOTE:

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Following his being sued in state court, plaintiff filed this action on May 5, 2009 and alleges in his Amended Complaint the following claims for relief against Hosto: (1) the Orange

Notice violated various provisions of the FDCPA (First Cause of Action of the Amended Complaint); (2) Hosto violated various provisions of the FDCPA by filing suit against him to collect an alleged debt after receiving proof, on at least three occasions, that the debt had been satisfied (Second Cause of Action of the Amended Complaint); (3) the Orange Notice constitutes a violation of Rule 4.3 of the Arkansas Rules of Professional Conduct and the ADTPA and Hosto violated the ADTPA by filing suit against him to collect an alleged debt after receiving proof, on at least three occasions, that the debt had been satisfied (Third Cause of Action of the Amended Complaint); and (4) Hosto's filing a lawsuit in state court conveyed to the general public that plaintiff had incurred debt, for which a lawsuit was necessary to collect upon, and thereby published false and defaming information about plaintiff to the general public (Sixth Cause of Action of the Amended Complaint).

II.

In considering a motion to dismiss, all facts alleged in the complaint are assumed to be true and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A

complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id.* at 570. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950.[1]

### A.

"'The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' and debt collectors are liable for failure to comply with 'any provision' of the Act.'" *Morrison v. Hosto, Buchan, Prater & Lawrence*, No. 5:09cv00146 JLH, 2009 WL 3010917, at *3 (E.D.Ark. Sept. 17, 2009) (quoting *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) citing 15 U.S.C. § 1692e)). To determine whether a debt collector communicates to the debtor in a false, misleading, or deceptive manner, the debt collector's communications are viewed through the eyes of the unsophisticated consumer. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)). The unsophisticated consumer standard protects consumers of below average sophistication or intelligence. *Id.* (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). But if a communication on its face would not mislead even a significant fraction of the population, then a court may dismiss the FDCPA claim as a matter of law. *Morrison,* 2009 WL 3010917 (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75

---

[1] "[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

(7th Cir. 2004) (applying the unsophisticated consumer test)).

In *Morrison*, 2009 WL 3010917, Chief Judge J. Leon Holmes addressed virtually identical allegations against Hosto regarding the same Orange Notice at issue in this action and determined that the Orange Notice does not constitute a violation of the FDCPA, the ADTPA or Rule 4.3 of the Arkansas Rules of Professional Conduct.  This Court agrees with and adopts in all respects the reasoning and conclusions of Judge Holmes in *Morrison* that the Orange Notice does not constitute a violation of the FDCPA, the ADTPA or Rule 4.3 of the Arkansas Rules of Professional Conduct.  In addition, the ADTPA does not apply to the practice of law, *Preston v. Stoops*, 373 Ark. 591, 594, 285 S.W.3d 606, 609 (2008), and the filing of the collection lawsuit, standing alone, does not violate the ADTPA.  Accordingly, the Court dismisses the First and Third Causes of Action of the Amended Complaint.

Likewise, the Court agrees with Judge Holmes that the filing of the collection lawsuit, standing alone, does not  violate the FDCPA.  *Morrison,* 2009 WL 3010917, at *5 (citing *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007)).  Accordingly, the Court dismisses the Second Cause of Action of the Amended Complaint.

Finally, plaintiff's defamation claim against Hosto – the Sixth Cause of Action of the Amended Complaint – must be dismissed as there is no privity of contract between plaintiff and Hosto.  In Arkansas, for conduct in connection with professional services, an attorney enjoys immunity from actions brought by persons not in privity except where the acts constitute fraud or intentional misrepresentation.  *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1247 (8th Cir. 2006) (citing *Fleming v. Cox Law Firm*, 363 Ark. 17, 210 S.W.3d 866 (2005); Ark. Code Ann. §§ 16-22-310, 16-114-303).  Plaintiff's claim is one for defamation; he has not pled fraud or

intentional misrepresentation that might render Hosto liable to suit. *Id*. *Cf. Fleming*, 363 Ark. 17, 210 S.W.3d 866 (attorney was immune from liability to real property owners for slander of title claim arising out of his filing of notice of lis pendens on the property in an attempt to collect on child support arrearage owed to attorney's client; property owners were not in privity with attorney, and they did not allege facts constituting fraud or intentional misrepresentation by attorney).

### III.

For the foregoing reasons, the Court grants Hosto's motion to dismiss plaintiff's Amended Complaint in its entirety as it pertains to Hosto (First, Second, Third and Sixth Causes of Action of the Amended Complaint).

IT IS SO ORDERED this 28th day of October 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE